**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 18-cv-0051-WJM-SKC
*Consolidated with Civil Action No. 18-cv-2000-WJM-STV*

TODD COPE,

    Plaintiff,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

    and

KENNETH MERRITT and
CHRISTY MERRITT,

    Plaintiffs,

v.

AUTO-OWNERS INSURANCE COMPANY,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S
MOTION TO CONSOLIDATE RELATED CASES**

---

Before the Court is Defendant's Motion to Consolidate ("Motion to Consolidate" or "Motion"; ECF No. 47). Defendant requests that the Court consolidate 18-cv-0051-WJM-SKC and 18-cv-2000-WJM-STV (the "*Merritt* lawsuit") into one action. For the reasons set forth below, Defendant's Motion to Consolidate is granted.

**I. BACKGROUND**

In November 2013, Kenneth and Christy Merritt (the "Merritts"), were passengers

in a vehicle driven by Plaintiff Todd Cope ("Plaintiff"). (ECF No. 5 ¶¶ 7, 10.) Plaintiff, an employee of Rocky's Auto, Inc. ("Rocky's Auto"), was driving the Merritts to a nearby bank to obtain funds to purchase a vehicle from Rocky's Auto. (*Merritt*, ECF No. 25 at 5.) While stopped at a red traffic light, Plaintiff's vehicle was hit from behind by a motorist ("Motorist"). (*Merritt*, ECF No. 6 ¶ 11.)

Plaintiff and the Merritts allegedly sustained serious injuries from the car crash and both filed separate lawsuits against the Motorist in Colorado state court. (ECF No. 5 ¶¶ 7, 10; *Merritt*, ECF No. 6 ¶¶ 45–46.) These actions were subsequently combined and, on the eve of trial, Plaintiff and the Merritts settled their liability claims against the Motorist for a global settlement amount of $1,400,000. (ECF No. 5 ¶¶ 10–11.)

Plaintiff and the Merritts, however, allege that the Motorist did not have sufficient automobile liability insurance to cover the injuries, losses, and damages they sustained as a result of the collision. (ECF No. 5 ¶ 12; *Merritt*, ECF No. 6 ¶¶ 73–75.) Thus, Plaintiff and the Merritts sought to recover underinsured-motorist ("UIM") benefits from Defendant pursuant to an automobile policy for UIM coverage Defendant had issued to Rocky's Auto. (ECF No. 5 ¶¶ 13–15, 21; *Merritt*, ECF No. 6 ¶¶ 76–77.) After reviewing their claims, Defendant determined that Plaintiff and the Merritts were not entitled to UIM benefits because their total damages did not exceed the Motorist's limit of liability insurance. (ECF No. 29 at 3–4; *Merritt*, ECF No. 25 at 6–7.)

On November 14, 2017, Plaintiff filed the current action against Defendant in Colorado state court, seeking to recover UIM benefits, a statutory penalty, and fees. (ECF Nos. 1, 5, 29 at 2.) The case was removed to this Court on diversity jurisdiction grounds on January 8, 2018. (ECF No. 1.) In July 2018, the Merritts filed a complaint

against Defendant in Colorado state court and the case was likewise removed to this Court on diversity jurisdiction grounds. (*Merritt*, ECF No. 1.) In that lawsuit, the Merritts seek to recover UIM benefits, a statutory penalty, and fees. (*Merritt*, ECF Nos. 6 & 25 at 5.)

Soon after the *Merritt* lawsuit was removed to this Court, Defendant filed a Motion to Consolidate this action with the *Merritt* lawsuit. (ECF No. 47.) Plaintiff has not filed a response to the Motion and, according to Defendant, Plaintiff's attorney "indicated that Plaintiff Todd Cope takes no position on this [M]otion." (*Id.* at 1.) The Merritts, however, object to Defendant's Motion. (ECF No. 51.)

## II. LEGAL STANDARD

Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a)(2). The decision whether to consolidate actions involving common questions of law or fact is committed to the sound discretion of the district court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). The purpose of Rule 42(a) is "to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004).

"In exercising its discretion, the court should take into consideration whether judicial efficiency is best served by consolidation." *Otter Prods., LLC v. Treefrog Devs., Inc.*, 2013 WL 490964, at *1 (D. Colo. Feb. 7, 2013). "The court generally weighs the saving of time and effort that consolidation would produce against any inconvenience, delay, or expense that consolidation would cause." *Id.*

## III.  ANALYSIS

**A.     Duty to Confer**

As an initial matter, the Court will address the Merritts' contention that Defendant violated D.C.COLO.LCivR 7.1(a) when it allegedly failed to confer with the Merritts' counsel prior to filing the Motion to Consolidate.[1]  In particular, the Merritts argue that "[a]t no time did Defendant Auto Owners ever consult with, or confer with, Counsel for [the Merritts]" in regard to the Motion.  (ECF No. 51 at 1.)  In its reply, Defendant asserts that it was only required to confer with Plaintiff's counsel.  (ECF No. 52 at 3.)  In other words, Defendant contends that it did not have a duty to confer with the Merritts' counsel since the Merritts are not an opposing party in this action and thus their counsel cannot be considered to be "opposing counsel" within the meaning of Local Rule 7.1(a).

The Court need not address whether the Merritts' counsel is "opposing counsel" within the meaning of Local Rule 7.1(a) because the Court finds that Defendant adequately conferred.  Defendant contends that, prior to filing the Motion, its attorney called the Merritts' counsel to confer about consolidating the two actions.  (*Id*.)  Defendant claims that during the conferral call, counsel for the Merritts requested a copy of the scheduling order so he could further consider the request to consolidate.  (*Id.*)  The following e-mail sent by the Merritts' counsel six days before the Motion was filed establishes that such correspondence took place:

> Have you forwarded the Scheduling Order as we discussed?
> I will be glad to look at that with regard to your **consolidation**

---

[1] The relevant portion of Local Rule 7.1(a) states: "Before filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter."

**request**.  Then I will let you know my position.

(ECF No. 52-1 at 2 (emphasis added).)  Defendant asserts that it sent the requested scheduling order the same day, but did not hear back from the Merritts' counsel in regard to his "position" on the matter.  (ECF No. 52 at 4–5.)  Six days later, Defendant filed the Motion.  After reviewing this correspondence, the Court finds that Defendant made reasonable efforts to confer with the Merritts' counsel before filing the Motion and thus was in compliance with Local Rule 7.1(a).

The Merritts also fault Defendant for not serving them a copy of the Motion for Consolidation.  (ECF No. 51 at 1–2.)  However, such criticism is misplaced.  Under D.C.COLO.LCivR 42.1, Defendant was not required to serve the Merritts a copy of the Motion.  Instead, Local Rule 42.1 simply required Defendant to file a notice in the *Merritt* lawsuit of its Motion to Consolidate.[2]  Since Defendant filed such a notice, it complied with Local Rule 42.1.  (*See Merritt*, ECF No. 17.)

**B.    Motion to Consolidate**

1.    Common Question of Law or Fact

In its Motion, Defendant argues that since the instant case and the *Merritt* lawsuit "involve questions of law and fact" that "are materially identical," it is within the Court's discretion to consolidate the two cases pursuant to Federal Rule of Civil Procedure 42(a).  (ECF No. 47 ¶¶ 1–2.)  In support of this argument, Defendant emphasizes how the two lawsuits "involve the same policy limit, same policy provisions, same car

---

[2] The pertinent part of Local Rule 42.1 states: "A notice of filing of a motion to consolidate shall be filed by the movant as a party or, with the assistance of the clerk, as an interested party in all other cases proposed for consolidation."

accident, same claim handlers, same core legal issues, same collective underlying settlement that supports [Defendant's] principal claim decisions, and other essential similarities." (ECF No. 52 at 6; *see* ECF No. 47 ¶¶ 2–10.)

In their response, the Merritts appear to concede that the two lawsuits involve common questions of fact (*see* ECF No. 51 ¶ 2), but instead argue that there are differing questions of law. In particular, they argue that the *Merritt* lawsuit "would likely require different proof and presentation of evidence." (*Id.* ¶ 3.) In addition, the Merritts contend that since their "'Bad Faith' claims apply to both Kenneth Merritt and Christy Merritt," they "are ostensibly different than the [Bad Faith] claims of [Plaintiff] in this respect." (*Id.*)

The Court finds the Merritts' arguments to be unconvincing. The record clearly establishes that the two actions share common questions of law and fact. Both lawsuits revolve around the same car crash, the same UIM insurance policy, the same global settlement agreement, and the same practices used by Defendant in evaluating UIM claims. Moreover, Rule 42(a) does not require every question of law (or fact) to be common in both actions. Instead, under Rule 42(a), the Court need only find "a common question of law or fact" in order to trigger the balancing portion of the analysis. Such common questions exist in these two cases.

A review of the complaints clearly shows that Plaintiff and the Merritts' claims for breach of contract and violation of Colorado's insurance statutes are nearly identical. (*See* ECF No. 5 ¶¶ 40–50; *see also Merritt*, ECF No. 6 ¶¶ 129–140, 170–178.) In addition, every defense asserted by Defendant in the *Merritt* lawsuit is being asserted by Defendant in the instant action. (*See* ECF No. 15 at 10–12; *see also Merritt*, ECF

6

No. 19 at 16–18.) Moreover, even if the Court were to find that the two actions do not have common questions of law, it is clear that the two cases could be consolidated as they indisputably have common questions of fact.

      2.      <u>Judicial Efficiency</u>

Defendant provides several reasons as to why judicial efficiency is best served through consolidation. In particular, Defendant notes how Plaintiff and the Merritts will likely seek many of the same depositions, claim materials, claim notes, emails, and other documents common to their UIM insurance claims. (ECF No. 47 ¶ 12.) Moreover, Defendant asserts that "[i]t would waste the Court's resources and time to require two district judges, two magistrate judges, two clerks, two courtroom deputies, and two of everything else to be engaged in litigating two actions that are in most respects materially the same." (*Id.* ¶ 13.) Thus, Defendant claims that the "expenses involved in discovery and litigation would be increased by unnecessary duplication of effort if this action and *Merritt* are kept separate." (*Id.* ¶ 11.)

In their response, the Merritts do not appear to dispute that efficiencies could be gained through consolidation. Instead, the Merritts' objection focuses on their fear that consolidation would force them to adhere to the trial parameters, case schedule, and discovery deadlines and limitations of the instant action, which they believe would be inadequate to meet the needs of a consolidated action. (ECF No. 51 ¶¶ 7–10, 13.) This fear, however, is entirely misplaced since a revised scheduling order can sufficiently address such concerns. Thus, in granting the Motion, the Court will direct the parties to contact U.S. Magistrate Judge S. Kato Crews to develop an appropriate revised scheduling order.

After a careful review, the Court finds that judicial efficiency is best served by consolidating these two actions.  Through consolidation, the parties and the Court can avoid unnecessary duplications of time and effort in litigating two cases that share common questions of law and fact.  In addition, the Court finds that consolidation will not prejudice any party by causing undue delay.  If a party was to be prejudiced by delay, it would be the parties to the instant action.  However, Defendant is the one moving for consolidation and Plaintiff has not objected to the Motion.  Moreover, Defendant has stated that it does not object to the Court entering a new scheduling order that meets the needs of the consolidated action.  (ECF No. 51 at 2.)  Finally, the Court concludes that any inconvenience that consolidation could cause the parties is greatly outweighed by the efficiencies it would produce.  Accordingly, in the interest of judicial efficiency, the Court grants Defendant's Motion to Consolidate.

## IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion to Consolidate (ECF No. 47) is GRANTED;

2. In accordance with the Court's inherent power to control its docket, and in accordance with Federal Rule of Civil Procedure 42(a), the following cases are CONSOLIDATED: Civil Action No. 18-cv-0051-WJM-SKC and 18-cv-2000-WJM-STV;

3. Civil Action No. 18-cv-0051-WJM-SKC shall be the lead case and all future filings shall be made in this action;

4. All settings in Civil Action No. 18-cv-2000-WJM-STV are VACATED;

5. The Clerk and parties shall amend the caption of this case to reflect the

consolidation of the two cases (as shown in the caption of this Order);

6. Pursuant to D.C.COLO.LCivR 40.1(d)(4)(C), the Clerk is directed to reassign the magistrate judge referral duties in Civil Action No. 18-cv-2000-WJM-STV to U.S. Magistrate Judge S. Kato Crews;

7. The Clerk shall re-docket ECF Nos. 6, 19, 24, and 25 from Civil Action No. 18-cv-2000-WJM-STV onto the above-captioned docket;

8. The Clerk shall docket a copy of this Order in Civil Action No. 18-cv-2000-WJM-STV; and

9. The parties are directed to jointly contact Judge Crews's Chambers no later than **January 9th, 2019** for the purpose of scheduling a status conference to discuss, without limitation, preparation of a revised Scheduling Order consistent with this Order, and such further proceedings as Judge Crews deems appropriate.

Dated this 7th day of January, 2019.

BY THE COURT:

William J. Martínez
United States District Judge